UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN KELLEDY, *individually and on behalf of all other persons similarly situated*,<br><br>    Plaintiff,<br>v.<br><br>DUNKIN' BRANDS, INC. and DUNKIN' BRANDS GROUP, INC.,<br><br>    Defendants. | Civil Action No.  1:23-cv-10626-RGS<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' MOTION TO (1) DISMISS THE COMPLAINT AND COMPEL ARBITRATION OR (2) IN THE ALTERNATIVE, STRIKE CLASS-ACTION ALLEGATIONS FROM COMPLAINT**

Defendants Dunkin' Brands, Inc. and Dunkin' Brands Group, Inc. ("**Defendants**") hereby request this Court to dismiss Plaintiff Martin Kelledy's ("**Plaintiff**") "Class Action Complaint" ("**Complaint**") and enter an order compelling arbitration.  As alleged in the Complaint, Defendants' operate a mobile ordering and payment application ("**Dunkin' Mobile App**") that allows customers to purchase products at Dunkin' store locations.  When the Dunkin' Mobile App is downloaded, and before it can be used, all customers, including Plaintiff, agreed to Defendants' Terms of Use.  Those Terms of Use contain an arbitration clause that requires all customers to arbitrate "any disputes" arising from the use of the Dunkin' Mobile App ("**Arbitration Clause**"). Whether or not Plaintiff suffered an economic injury as a result of using the Dunkin' Mobile App (as Plaintiff claims in the Complaint) falls within the scope of the Arbitration Clause, and therefore is subject to arbitration under the Federal Arbitration Act, 9 U.S.C. § 2.

Alternatively, if Defendants cannot enforce the Arbitration Clause against Plaintiff, the class-action allegations should be stricken from the Complaint.  That is because Plaintiff

1

affirmatively pleads in the Complaint that all customers (and therefore all putative class members) must accept Defendants' Terms of Use before using the Dunkin' Mobile App. Therefore, all customers who used the Dunkin' Mobile App are bound by the Arbitration Clause and cannot be class members. Consequently, if Defendants cannot enforce the Arbitration Clause against Plaintiff, this Court should strike the class-action allegations from the Complaint.

In support of this motion, Defendants rely on their Memorandum in Support of its Motion to (1) Dismiss the Complaint and Compel Arbitration or (2) in the Alternative, Strike Class-Action Allegations from Complaint, and the Declarations of Derek B. Ensminger and David G. Thomas, which are filed contemporaneously herewith.

**WHEREFORE**, Defendants respectfully request this Court dismiss the Complaint and compel arbitration, or in the alternative strike the class-action allegations from the Complaint and grant any such further relief as the Court deems just and proper.

Dated: May 19, 2023

Respectfully submitted,

DUNKIN' BRANDS, INC. and DUNKIN' BRANDS GROUP, INC.,

By their attorneys,

/s/ *Angela C. Bunnell*
David G. Thomas (BBO # 640854)
Angela C. Bunnell (BBO # 690429)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA  02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001
david.thomas@gtlaw.com
bunnella@gtlaw.com

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I, David G. Thomas, certify that I conferred with Plaintiff's counsel on May 18, 2023 by telephone and attempted in good faith to resolve or narrow the issues raised in this motion, but was unable to do so.

/s/ David G. Thomas
David G. Thomas

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants and their counsel believe that oral argument may assist the Court and, therefore, request oral argument on this motion.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent all those non-registered participants on May 19, 2023.

/s/ Angela C. Bunnell
Angela C. Bunnell