# EXHIBIT 1

 **Gmail**

Jeffrey Thorn <jgt@thornlawpllc.com>

---

## Martin Kelledy

---

**Ensminger, Derek** <densminger@inspirebrands.com>          Thu, Jul 14, 2022 at 5:00 PM
To: "jgt@thornlawpllc.com" <jgt@thornlawpllc.com>
Cc: "Peterson, Bridget" <bpeterson@inspirebrands.com>

Mr. Thron,

Your attached letter was forwarded to me. Dunkin' does not own or operate any restaurants in Massachusetts. All Dunkin' restaurants in Massachusetts are owned and operated by independent franchisees, who are responsible for the pricing files applicable to their restaurants. Please raise your client's claims to the management/ownership of the restaurant(s) he visited.

## DEREK B. ENSMINGER

**SENIOR DIRECTOR – SENIOR LITIGATION COUNSEL**

Mobile: 405-210-7460

Email: densminger@inspirebrands.com

**INSPIRE BRANDS, INC.**

InspireBrands.com



---

📄 **Letter of Representation - Martin Kelledy - unfair and deceptive acts violation - MA.pdf**
3974K

# EXHIBIT 2

 **Gmail**

Jeffrey Thorn <jgt@thornlawpllc.com>

## Martin Kelledy v. Dunkin' Brands, Inc. and Dunkin' Brand Group Inc. - Case 01-23-0000-5130

Sue Anne Esterly-Parrish <EsterlyParrishs@adr.org>                    Wed, Feb 22, 2023 at 3:46 PM
To: "Ensminger, Derek" <densminger@inspirebrands.com>, "jgt@thornlawpllc.com" <jgt@thornlawpllc.com>

Dear Parties:

Thank you for your email below. I want to acknowledge the email and, at the same time, notify you that once the original letter's due date has passed the AAA's process for consumer matters in the intake stage is to send a follow-up letter to the parties reminding the business the waiver and fees are due. The due date of the follow-up letter is two weeks from the date it is sent. I will send the follow-up letter later this week.

Please note, even if the matter is settled or withdrawn, the business may owe all or a portion of the filing fees.

Thank you,

Sue Anne Esterly-Parrish

 **Sue Anne Esterly-Parrish**
**Case Filing Specialist**

American Arbitration Association
International Centre for Dispute Resolution
T: 856 679 4623  F: 877 304 8457  E: EsterlyParrishs@adr.org
1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Ensminger, Derek <densminger@inspirebrands.com>
**Sent:** Monday, February 20, 2023 3:42 PM
**To:** Sue Anne Esterly-Parrish <EsterlyParrishs@adr.org>; jgt@thornlawpllc.com
**Subject:** RE: [EXTERNAL] Martin Kelledy v. Dunkin' Brands, Inc. and Dunkin' Brand Group Inc. - Case 01-23-0000-5130

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Esterly-Parrish,

I am in-house counsel for Respondents. Claimant's counsel, Mr. Thorn, has agreed to stay this matter until March 1 while we explore resolution.

## DEREK B. ENSMINGER

**VICE PRESIDENT – LITIGATION COUNSEL**

Mobile: 405-210-7460

Email: densminger@inspirebrands.com

**INSPIRE BRANDS, INC.**

InspireBrands.com



---

**From:** Esterlyparrishs@adr.org <Esterlyparrishs@adr.org>
**Sent:** Wednesday, February 8, 2023 12:46 PM
**To:** Ensminger, Derek <densminger@inspirebrands.com>; jgt@thornlawpllc.com
**Subject:** [EXTERNAL] Martin Kelledy v. Dunkin' Brands, Inc. and Dunkin' Brand Group Inc. - Case 01-23-0000-5130

This is an EXTERNAL EMAIL. Stop and think before clicking a link or opening attachments.

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

 **Sue Anne Esterly-Parrish**
**Case Filing Specialist**

American Arbitration Association
International Centre for Dispute Resolution
T: 856 679 4623  F: 877 304 8457  E:
EsterlyParrishs@adr.org
1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# EXHIBIT 3

 Gmail

**Jeffrey Thorn <jgt@thornlawpllc.com>**

---

## Martin Kelledy v. Dunkin' Brands, Inc. and Dunkin' Brand Group Inc. - Case 01-23-0000-5130

**Jeffrey Thorn** <jgt@thornlawpllc.com>                                    Fri, Feb 24, 2023 at 11:11 AM
To: eloeffler@davids-cohen.com

Eric,

Good to speak with you.  Please find attached the recent AAA correspondence of which I spoke.

Sincerely,
Jeff

> **From:** Esterlyparrishs@adr.org
> **Date:** February 24, 2023 at 10:25:27 AM EST
> **To:** densminger@inspirebrands.com, jgt@thornlawpllc.com
> **Subject: Martin Kelledy v. Dunkin' Brands, Inc. and Dunkin' Brand Group Inc. - Case 01-23-0000-5130**
>
> Hello,
>
> Please review the attached correspondence regarding the above-referenced case.
>
> Feel free to contact me with any questions, comments or concerns you have related to this matter.
>
> Thank you.
>
>
> [Logo]
> Sue Anne Esterly-Parrish
> Case Filing Specialist
> American Arbitration Association
> International Centre for Dispute Resolution
> T: 856 679 4623  F: 877 304 8457  E: EsterlyParrishs@adr.org<
> mailto:EsterlyParrishs@adr.org>
> 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043
> adr.org<https://www.adr.org>  |  icdr.org<https://www.icdr.org>  |
> aaamediation.org<https://www.aaamediation.org>
> [cid:imagef9e545.PNG@019f0859.4eb1fcda]
>
>
> The information in this transmittal (including attachments, if any) is privileged and/or
> confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure,
> distribution or copying of this transmittal is prohibited except by or on behalf of the intended
> recipient. If you have received this transmittal in error, please notify me immediately by reply
> email and destroy all copies of the transmittal. Thank you.

**2 attachments**

**INK014.pdf**
130K

**INK010.pdf**
239K

# EXHIBIT 4

 **Gmail**

**Jeffrey Thorn <jgt@thornlawpllc.com>**

---

## Kelledy v. Dunkin' & The Waldwin Group

---

**Ensminger, Derek** <densminger@inspirebrands.com>                    Fri, Mar 3, 2023 at 5:15 PM
To: Jeffrey Thorn <jgt@thornlawpllc.com>
Cc: Adam Cohen <acohen@davids-cohen.com>, Eric Loeffler <eloeffler@davids-cohen.com>

Thanks, Jeff. We will be in touch next week.

---

**From:** Jeffrey Thorn <jgt@thornlawpllc.com>
**Sent:** Friday, March 3, 2023 1:25 PM
**To:** Ensminger, Derek <densminger@inspirebrands.com>
**Cc:** Adam Cohen <acohen@davids-cohen.com>; Eric Loeffler <eloeffler@davids-cohen.com>
**Subject:** [EXTERNAL] Re: Kelledy v. Dunkin' & The Waldwin Group

This is an EXTERNAL EMAIL. Stop and think before clicking a link or opening attachments.

Derek, Adam, and Eric,

Thanks for your email.  If The Waldwin Group needs a 30 day extension to answer or respond, that is fine.

I also spoke with Mr. Kelledy earlier this week, and let him know that I had had conversations last week with both of you concerning his claims against Dunkin' Brands, Inc. and Dunkin' Brand Group Inc.  Mr. Kelledy indicated that, before considering any resolution in that matter, he would like to address the claims in The Waldwin Group case first.  As that matter was in fact filed first, that also makes sense to me.

If you need my signature for the 30 day extension, please let me know.

Sincerely,

Jeff

On Fri, Mar 3, 2023 at 11:06 AM Ensminger, Derek <densminger@inspirebrands.com> wrote:

> Jeff,
>
> Happy Friday! We are still working on this. Would you be agreeable to a 30-day extension of the response deadline for the Waldwin Group while we explore and discuss resolution?
>
> Thanks!
>
> ## DEREK B. ENSMINGER

**VICE PRESIDENT – LITIGATION COUNSEL**

Mobile: 405-210-7460

Email: densminger@inspirebrands.com

**INSPIRE BRANDS, INC.**

InspireBrands.com



EXHIBIT 5

 **Gmail**

**Jeffrey Thorn <jgt@thornlawpllc.com>**

---

## Martin Kelledy v. Dunkin' Brands, Inc. and Dunkin' Brand Group Inc. - Case 01-23-0000-5130

---

**Jeffrey Thorn** <jgt@thornlawpllc.com>                                      Wed, Mar 22, 2023 at 10:03 AM
To: Esterlyparrishs@adr.org
Cc: densminger@inspirebrands.com

Thank you for your email.  We will follow up with an appropriate court.

On Wed, Mar 22, 2023 at 9:50 AM <Esterlyparrishs@adr.org> wrote:

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.


[Logo]
Sue Anne Esterly-Parrish
Case Filing Specialist
American Arbitration Association
International Centre for Dispute Resolution
T: 856 679 4623  F: 877 304 8457  E: EsterlyParrishs@adr.org<mailto:EsterlyParrishs@adr.org>
1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043
adr.org<https://www.adr.org>  |  icdr.org<https://www.icdr.org>  |  aaamediation.org<https://www.aaamediation.org>
[cid:imagef4c0f4.PNG@05042b19.4ba75405]


The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# EXHIBIT 6



# THORN LAW

WWW.THORNLAWPLLC.COM | JGT@THORNLAWPLLC.COM | 617-835-6681 | 90 CANAL STREET | SUITE 120 | BOSTON, MA 02114

Ms. Sue Anne Esterly-Parrish
American Arbitration Association
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

Via Email to: EsterlyParrishs@adr.org

March 29, 2023

**Re: Kelledy v. Dunkin' Brands, Inc. and Dunkin' Brands Group Inc.**

Dear Ms. Esterly-Parrish:

I write, again, to underscore that we understand this arbitration matter to be closed and that Mr. Kelledy is no longer willing to arbitrate this matter.

In accordance with the AAA's March 22, 2023 letter, we have filed in court, and will proceed in court. I have reviewed the AAA's rules and am unaware of any "claw-back" provisions. If the AAA has rules that allow it to decline a matter, refer the matter to court, and then reclaim authority over the matter, even after suit has been filed in court, please reference those rules for the benefit of all parties.

As to Dunkin's claims that they suffered from "miscommunication" – and believed that Mr. Kelledy unilaterally extended the AAA's deadline until April 2 – this is difficult to fathom.

- Mr. Kelledy was neither responsible for, nor in command of, the AAA's March 10 deadline. The AAA explicitly required that "if for any reason respondent will not be able to comply with our request by the noted response date, please send an email requesting an extension prior to the deadline." AAA Letter dated Feb. 24, 2023 (emphasis added).
- The AAA's deadline concerned the payment of fees to AAA and a waiver of deviations required by AAA. The AAA explicitly noted that "respondent's fee is due regardless of whether the case settles or is withdrawn." AAA Letter dated Feb. 24, 2023 (emphasis added). Further, the AAA explicitly noted that "Absent receipt of the requested waiver, the AAA will decline to administer this dispute… ." AAA Letter dated Feb. 8, 2023.
- If Dunkin' believed that the AAA's March 10, 2023 deadline had been extended by Mr. Kelledy, then Dunkin' would have raised Mr. Kelledy's extension directly to AAA, as it did with the March 1 extension. Dunkin' did not.

In their letter of yesterday, Dunkin's new counsel cites a March 3 email, where Mr. Kelledy allowed the Dunkin' franchisee The Waldwin Group an additional 30 days to answer its Complaint, as a source of "miscommunication." Though the arbitration demand and court complaint involved the same issues of overcharging, they are not at all identical, and the parties



2

are entirely distinct and adverse.  Previously, Dunkin' corporate and the franchisee have each asserted the other is responsible for Mr. Kelledy's overcharges.  More to the point, Plaintiff's email makes absolutely no mention of any extension for the arbitration matter or for Dunkin' Brands. That email states "If The Waldwin Group needs a 30 day extension to answer or respond, that is fine." (emphasis added).  As to the sentence cited as "miscommunication" – stating that "before considering any resolution in [the arbitration matter], [Mr. Kelledy] would like to address the claims in The Waldwin Group case first." – this too includes absolutely no suggestion of an extension in the arbitration.

That email was drafted in the context of (1) Dunkin' counsel having suggested that Dunkin' might seek to moot Mr. Kelledy's standing as a plaintiff; and (2) Dunkin' counsel having suggested an individual settlement in exchange for Mr. Kelledy dropping not only the arbitration, but his court claims allowing other class members to recover damages. The purpose of that email accords with Mr. Kelledy's decision to file his class court claim first, and his February 25, 2023 letter to The Waldwin Group (cc'ing attorney Ensminger), explaining that "My most serious concern, however, is that you do not intend to reimburse the majority of your affected customers under any circumstance, in any manner."

Finally, I note that any implication that resolution was certain, imminent, or probable – or even that the parties were in active negotiations – is misleading. After my Friday, March 3, 2023 email, Mr. Ensminger replied to indicate he would "be in touch next week."  He was not in touch the next week, or the week after.  On March 21, 2023, shortly before COB (slightly after 4:30 pm), Counsel Loeffler left a short voicemail for me indicating that he was calling to "follow up."  I have no knowledge of what strategy or strategies Dunkin or TWG's counsel were pursuing between March 3 and the morning of March 22 (when AAA declined to arbitrate), but it did not involve any negotiations with, or offers to, Mr. Kelledy.

Your email of March 28 appears to dangle the possibility of "re-filing" or re-initiating a closed arbitration despite the fact that we do not consent to such re-initiation and have filed in court.  Such action unfairly forces Plaintiff to operate on a dual track, both litigating and arbitrating the same matter at the same time, even after AAA referred the parties to court.  This is not appropriate.  The arbitration matter has been closed.  The AAA has referred the parties to court. We have filed in court.  I would ask that you confirm that, absent all parties' consent to "re-filing" or a court order, this matter will remain closed.

Thank you.

Sincerely,

*/s/ Jeffrey G. Thorn*

Jeffrey G. Thorn, Esq.

3

Cc:    Derek Ensminger, Esq. (via email)
       Eric Loeffler (via email)
       David Thomas (via email)
       Angela Bunnell (via email)

# EXHIBIT 7

                                          **Jeffrey Thorn <jgt@thornlawpllc.com>**

---

## FW: Consumer Clause Registration Confirmation.

---

**David.Thomas@gtlaw.com** <David.Thomas@gtlaw.com>          Thu, Mar 30, 2023 at 5:56 PM
To: jgt@thornlawpllc.com
Cc: bunnella@gtlaw.com

Jeff – please see below and attached per request of AAA.

Sincerely,

David

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography



Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Charlotte. Chicago. Dallas. Delaware. Denver.
Fort Lauderdale. Houston. Las Vegas. London*. Long Island. Los Angeles. Mexico City*. Miami. Milan*.
Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia.
Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. Seoul*. Shanghai. Silicon
Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach.
Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig,
P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates
as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an
affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign
Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo
Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of
Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as GREENBERG TRAURIG Nowakowska-
Zimoch Wysokiński sp.k.

PLEASE CONSIDER THE ENVIRONMENT BEFORE PRINTING THIS EMAIL

---

**From:** ConsumerReview <ConsumerReview@adr.org>
**Sent:** Thursday, March 30, 2023 5:34 PM
**To:** Thomas, David G. (Shld-Bos-LT) <David.Thomas@gtlaw.com>; densminger@inspirebrands.com
**Cc:** Bunnell, Angela C. (Assoc-BOS-LT) <bunnella@gtlaw.com>; Consumer Case Filing Team <ConsumerFiling@adr.org>; ConsumerReview <ConsumerReview@adr.org>
**Subject:** RE: Consumer Clause Registration Confirmation.

We are in receipt of your signed waiver. Attached please find a letter confirming your company's inclusion on the AAA's Consumer Clause Registry.

The AAA notes that we previously declined to administer cases involving your company. We would ask that any consumer parties involving a Dunkin Brands Group, Inc. dispute that the AAA previously declined to administer be informed of the recent registration of the clause. The AAA decision to proceed with administration of Dunkin Brands Group, Inc. cases would not be applicable to such previously declined cases and applies to new filings from this date forward. Thank you

---

**From:** David.Thomas@gtlaw.com <David.Thomas@gtlaw.com>
**Sent:** Thursday, March 30, 2023 2:02 PM
**To:** ConsumerReview <ConsumerReview@adr.org>; densminger@inspirebrands.com
**Cc:** bunnella@gtlaw.com; Consumer Case Filing Team <ConsumerFiling@adr.org>
**Subject:** RE: Consumer Clause Registration Confirmation.

**\*\*\* External E-Mail – Use Caution \*\*\***

On behalf of Mr. Ensminger and Dunkin' Brands, attached please find an executed waiver, as requested. Please let us know if anything else is required to comply and have the clause listed on the Registry. Thank you.

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP

One International Place | Suite 2000 | Boston, MA 02110

T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography

## GT GreenbergTraurig

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Charlotte. Chicago. Dallas. Delaware. Denver.
Fort Lauderdale. Houston. Las Vegas. London*. Long Island. Los Angeles. Mexico City*. Miami. Milan*.
Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia.
Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. Seoul*. Shanghai. Silicon
Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach.
Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig,
P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates
as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an
affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign
Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo
Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of
Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as GREENBERG TRAURIG Nowakowska-
Zimoch Wysokiński sp.k.

---

**From:** ConsumerReview <ConsumerReview@adr.org>
**Sent:** Thursday, March 30, 2023 4:39 PM
**To:** densminger@inspirebrands.com
**Cc:** Bunnell, Angela C. (Assoc-BOS-LT) <bunnella@gtlaw.com>; Thomas, David G. (Shld-Bos-LT)
<David.Thomas@gtlaw.com>; ConsumerReview <ConsumerReview@adr.org>; Consumer Case Filing Team
<ConsumerFiling@adr.org>
**Subject:** RE: Consumer Clause Registration Confirmation.


**\*EXTERNAL TO GT\***

Dear Mr. Ensminger,


Attached please find a letter noting that the submitted consumer arbitration clause has a material or substantial deviation from the Consumer Rules and/or Protocol. You will need to sign the waiver contained in this letter or submit a revised consumer arbitration clause that is compliant with the Consumer Rules and/or Protocol before your business's consumer arbitration clause will be made part of the AAA's Consumer Clause Registry.


Very truly yours,

AAA Consumer ADR Team

**From:** do-no-reply@adr.org <do-no-reply@adr.org>
**Sent:** Wednesday, March 29, 2023 7:18 AM
**To:** ConsumerReview <ConsumerReview@adr.org>
**Subject:** Consumer Clause Registration Confirmation.


Thank you for submitting your consumer arbitration clause(s) for review by the AAA. An invoice acknowledging receipt of your payment of the non-refundable Consumer Clause Review and Registry fee will be sent to the email address of the individual identified as the recipient for communications related to the clause registry. We will review the materials you have submitted to determine if they are in material compliance with the Consumer Due Process Protocol(Consumer Protocol), and you can expect to hear from the AAA again within approximately + 30 days regarding that review. If the AAA determines that your arbitration clause is materially compliant with the Consumer Protocol, you will be advised that your clause and company name will be posted to the Registry. If the AAA determines that your arbitration clause is not materially compliant with the Consumer Protocol, the AAA will advise you of the issue that resulted in a determination not to administer arbitrations arising out of your clause.You will also be provided with information about your options to correct the identified deficiency.

If you have any additional questions regarding your submission or the Registry, please email the AAA at consumerreview@adr.org.

**Thank you,**

The AAA ConsumerTeam

**Company Information**
Business:Dunkin Brands Group, Inc.

**Business Contact**
First Name: Derek
Last Name: Ensminger
Company: Inspire Brands
Email Address: densminger@inspirebrands.com
Address 1: Three Glenlake PKWY NE
City: Atlanta
State: ga
Zip Code: 30328
Telephone: 678/5144100/

**Contact Information for Display on Consumer Clause Registry**
Company: Dunkin Brands Group, Inc.
Arbitration Clause Information
The name/title of consumer arbitration clause: DunkinBrandsGroup Arbitration Clause.pdf

Arbitration Agreement
Please find enclosed the attachment.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

 **Dunkin Brands Group, Inc..pdf**
425K

# EXHIBIT 8



**MENU**          **LOCATIONS**          **DELIVERY**          **DUNKIN'**          **DUNKIN' REWARDS**

# TERMS OF USE

Last Updated: April 27, 2021

PLEASE READ THESE TERMS OF USE ("**TERMS**") CAREFULLY BEFORE USING ANY OF THE DUNKIN' BRANDS' (INCLUDING DUNKIN' DONUTS AND BASKIN-ROBBINS") WEBSITES, APPLICATIONS, PLATFORMS, LOYALTY PROGRAMS, STORED VALUE CARDS AND OTHER ONLINE PROGRAMS THAT POST A LINK TO THESE TERMS, OR THE MATERIALS, SOFTWARE AND CONTENT AVAILABLE IN OR THROUGH THEM (ALTOGETHER, "**DD/BR ONLINE SERVICES**").

BY DOWNLOADING OR USING ANY OF THE DD/BR ONLINE SERVICES, YOU AFFIRM THAT YOU ARE ABLE AND LEGALLY COMPETENT TO ACCEPT AND AGREE TO THESE TERMS AND OUR PRIVACY POLICY. IF YOU DO NOT AGREE TO ANY OF THESE TERMS OR OUR PRIVACY POLICY, THEN YOU ARE NOT AUTHORIZED TO ACCESS OR USE ANY OF THE DD/BR ONLINE SERVICES.

These Terms constitute an agreement between Dunkin' Brands, Inc. and its affiliates (collectively, "**Dunkin' Brands**" or "**we**" or "**us**") and you. We recommend that you print out a copy of these Terms for your records.

PLEASE NOTE THAT THESE TERMS CONTAIN PROVISIONS THAT GOVERN THE RESOLUTION OF DISPUTES BETWEEN US AND YOU AND LIMIT OUR LIABILITY TO YOU.

Agreement to Arbitrate Disputes                                                                    ⌃

PLEASE READ THIS SECTION CAREFULLY – IT MAY SIGNIFICANTLY AFFECT YOUR LEGAL RIGHTS. YOU AND Dunkin' BRANDS AGREE TO GIVE UP ANY RIGHTS TO LITIGATE CLAIMS IN A COURT OR BEFORE A JURY OR TO PARTICIPATE IN A CLASS ACTION OR REPRESENTATIVE ACTION WITH RESPECT TO A CLAIM. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, SUCH AS ACCESS TO DISCOVERY, ALSO MAY BE UNAVAILABLE OR LIMITED IN ARBITRATION.

**WE BOTH AGREE TO ARBITRATE**. You hereby agree that any dispute between you and Dunkin' Brands and its agents, employees, officers, directors, principals, successors, assigns, subsidiaries or affiliates (collectively for purposes of this section, "**Dunkin' Brands**") arising from or relating to (a) your use or misuse of the DD/BR Online Services (including without limitation any Dunkin' Card or Baskin-Robbins Card), (b) these Terms and their interpretation or the breach, termination or validity thereof or (c) the relationships which result from these Terms, including disputes about the validity, scope or enforceability of this arbitration provision (collectively, "**Covered Disputes**") will be settled by binding arbitration in Suffolk County, Commonwealth of Massachusetts administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules (available at www.adr.org), in effect on the date thereof. If there is a conflict between AAA Rules and the rules set forth in this Agreement to Arbitrate, the rules set forth in this Agreement to Arbitrate will govern. For purposes of this section, these Terms and related transactions will be subject to and governed by the Federal Arbitration Act, 9 U.S.C. sec. 1-16 (FAA).

**WHAT IS ARBITRATION**: Arbitration is more informal than a lawsuit in court and seeks to resolve disputes more quickly. Instead of a judge or a jury, the case will be decided by a neutral arbitrator who has the power to award the same damages and relief that a court can.

**PRE-ARBITRATION PROCEDURES**. Prior to initiating any arbitration, the initiating party will give the other party at least 60-days' advance written notice of its intent to file for arbitration. Dunkin' Brands will provide such notice by e-mail to your e-mail address on file with Dunkin' Brands and you must provide such notice by e-mail to customerservice@dunkinbrands.com with "Legal Dispute" appearing in the subject line. During such 60-day notice period, we agree to endeavor to settle amicably by mutual discussions any Covered Disputes. Failing such amicable settlement and expiration of the notice period, either party may initiate arbitration.

**ARBITRATION PROCEDURES.** To initiate arbitration, you or Dunkin' Brands must do the following things:

(1)   Write a demand for Arbitration. The demand must include a description of the claim and the amount of damages sought to be recovered. You can find a copy of a Demand for Arbitration at www.adr.org.

(2)   Send three copies of the Demand for Arbitration, plus the appropriate filing fee to: American Arbitration Associate, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043.

(3)   Send one copy of the Demand for Arbitration to the other party.

Payment of all filing, administration and arbitrator fees will be governed by the AAA's rules.  If, however, you are able to demonstrate that the costs of arbitration will be prohibitive as compared to the costs of litigation, Dunkin' Brands will pay as much of the filing, administration and arbitrator fees as the arbitrator deems necessary to prevent the arbitration from being cost-prohibitive for you.  If the arbitrator determines the claim(s) you assert in the arbitration are frivolous, you agree to reimburse Dunkin' Brands for all fees associated with the arbitration that Dunkin' Brands paid on your behalf, which you otherwise would be obligated to pay under the AAA's rules.

**AUTHORITY OF ARBITRATOR.** The arbitrator will have the power to grant whatever relief would be available in court under law or in equity and any award of the arbitrator(s) will be final and binding on each of the parties and may be entered as a judgment in any court of competent jurisdiction.

**NO CLASS ACTIONS.** Dunkin' Brands and you agree that any Covered Dispute will be submitted to arbitration on an individual basis only. **Neither Dunkin' Brands nor you are entitled to arbitrate any Covered Dispute as a class, representative or private attorney action and the arbitrator(s) will have no authority to proceed on a class, representative or private attorney general basis.**

**WAIVER OF JURY TRIAL.** THE PARTIES HEREBY WAIVE THEIR CONSTITUTIONAL AND STATUTORY RIGHTS TO GO TO COURT AND HAVE A TRIAL IN FRONT OF A JUDGE OR A JURY, instead electing that all claims and disputes shall be resolved by arbitration. Arbitration procedures are typically more limited, more efficient and less costly than rules applicable in court and are subject to very limited review by a court. In the event any litigation should arise between you and Dunkin' Brands in any state or federal court in a suit to vacate or enforce an arbitration award or otherwise, YOU AND Dunkin' BRANDS WAIVE ALL RIGHTS TO A JURY TRIAL, instead electing that the dispute be resolved by a judge. YOU ACKNOWLEDGE THAT YOU HAVE BEEN ADVISED THAT YOU MAY CONSULT WITH AN ATTORNEY IN DECIDING TO ACCEPT THIS AGREEMENT TO ARBITRATE.

**OPT-OUT OF AGREEMENT TO ARBITRATE.** You can decline this agreement to arbitrate by emailing Dunkin' Brands at customerservice@dunkinbrands.com and providing the requested information as follows: (1) Your Name; (2) the URL of the Terms and Agreement to Arbitrate Disputes; (3) Your Address; (4) Your Phone Number; (5) and clear statement that you wish to opt out of this arbitration provision in the Terms.  The Opt-Out Notice must be emailed no later than 30 days after the date you first accept the Terms by using the DD/BR Online Services.

If any provision of the agreement to arbitrate in this section is found unenforceable, the remaining arbitration terms will be enforced. In any circumstances where the Agreement to Arbitrate Disputes permits the parties to litigate in court, then such dispute between us arising under the Terms or your misuse of the DD/BR Online Services will be subject to the jurisdiction and venue of the state and federal courts located in Boston, Massachusetts, and governed in accordance with the laws of the state of Massachusetts, excluding its conflict of law rules.

# EXHIBIT 9

--------------- Original Message ---------------

**From:** ███████████████████████████

**Sent:** 2/17/2022 6:20 PM

**To:** customerservice@dunkinbrands.com

**Subject:** Refund

Hello, I visited a Dunkin' recently and placed a mobile order. When I arrived, they said that they didn't have the brownie batter donuts. I asked for a refund and they said no, I needed to contact corporate. Also, I've attached a screenshot because my total doesn't make sense to me. The 3 coffees (with the discount) only cost $6.18, and the donuts were $2.40. That would be $8.58 before tax but my total before tax was $12.23. I'd really like the donuts and the extra $4-ish refunded please.

## Case #09283450 - Dunkin' [ ref:_00Df44mQE5._5002T1Kg bP0:ref ]  Inbox 

 Customer Support    Feb 19, 2022

to me ⌄

Hello ███████████

Thank you for contacting Dunkin'.

We're sorry for the issue you experienced. I have adjusted your Dunkin' Card for $3.08.

You can view this adjustment in your transaction history on www.dunkindonuts.com or the Dunkin' App. If you don't see your card balance update to reflect the credit, you may need to refresh your balance.

If you have any further questions, please reply to this email, and we will be happy to assist.

███████████████████████

Support Center Coordinator

Case #09283450



1:08

Hello, I'm not sure if you are seeing what I am seeing in my image, but I was overcharged. The price for my iced coffees was $6.18 and the donuts were $2.40. $6.18+$2.40 is only $8.58, yet I was charged $12.23 as my subtotal before tax. That is nearly $4 extra. Please fix this or I will be disputing the charge with my bank. I will reattach the photo.



4:56

**RECEIPT**                                    ✕

associated with your order, then proceed to pick up.

  **ORDER DATE & TIME**
02/17/2022 at 4:55 PM

**PAYMENT METHOD**
Dunkin' Card •••• 8083

**POINTS EARNED FOR THIS ORDER**

| Base Points | 62 |
|---|---|
| Total Points | 62 |



**ORDER ITEMS**

| 3 | Original Blend Iced Coffee | $6.18 |
|---|---|---|
|   | Medium, Original Blend, Cream (3) and Caramel Swirl (6) | |

| 2 | Brownie Batter Donut | $2.40 |
|---|---|---|

🎁  **DD Perks Free Beverage Reward Redeemed!**





ref:_00Df44mQE5._5002T1KgbP0:ref

**C**    **Customer Support**  Feb 23, 2022

to me

Thank you for taking the time to contact us with your feedback on the pricing at your local Dunkin'. Most of our restaurants are independently owned and operated by individual franchisees. Each year, we recommend suggested retail prices for their consideration, but the franchisee is responsible for making the final pricing decisions. That being said, we have sent your feedback to the local franchisee so that they are aware of your concern.

We value your input and appreciate your taking the time to contact us.

Thanks again for taking time out of your day to let us know.

Support Center Coordinator

Case #09283450
ref:_00Df44mQE5._5002T1KgbP0:ref

...