UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10626-RGS

MARTIN KELLEDY,
INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS
SIMILARLY SITUATED

v.

DUNKIN' BRANDS, INC.
and DUNKIN' BRANDS GROUP INC.

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS

STEARNS, D.J.

This lawsuit comes before this court after the American Arbitration Association (AAA) twice declined to arbitrate the parties' dispute.[1] Among other claims, plaintiff Martin Kelledy asserts that defendants Dunkin' Brands, Inc., and Dunkin' Brands Group Inc. (collectively, Dunkin') violated

---

[1] The AAA initially declined to arbitrate because Dunkin' failed to pay certain administrative fees and waive a non-compliant provision of its arbitration clause prior to the response deadline.  After Dunkin' subsequently removed the non-compliant provision, registered (for the first time) the clause, and requested arbitration, it again declined to arbitrate because "[t]he registration and the AAA's decision to proceed with administration of Dunkin Brands Group, Inc. cases would **not be applicable to such previously declined cases** and applies to new filings from this date forward." Ex. 3 to Thomas Decl. [Dkt # 10-3] at 32 (emphasis in original).

the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, by charging users of its Mobile Application undisclosed fees on remote purchases. Dunkin' moves to (1) dismiss the case and compel arbitration of Kelledy's claims, or (2) strike all class-action allegations from the Complaint. The court declines to take either action and will instead dismiss the case without prejudice for lack of subject matter jurisdiction.[2] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Kelledy asserts jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), which "provides district courts with jurisdiction over 'class action[s]' in which the matter in controversy exceeds $ 5,000,000 and at least one class member is a citizen of a State different from the defendant." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original), quoting CAFA § 1332(d)(2)(A). The latter requirement, minimal diversity, forms the basis of the court's decision today.[3]

---

[2] Although the parties did not raise the jurisdictional issue, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

[3] The court expresses no opinion as to whether the amount-in-controversy requirement is met.

Kelledy pleads that minimal diversity exists "because there are members of the Classes who are citizens of states of which the Defendants are not citizens." Compl. [Dkt # 1] ¶ 9. Precedent is clear, however, that "[w]hen a class action is filed, it 'includes only the claims of the named plaintiff or plaintiffs. The claims of unnamed class members are added to the action later, when the action is certified as a class under [Federal Rule of Civil Procedure] 23.'" *Jalbert v. U.S. Sec. & Exch. Comm'n*, 945 F.3d 587, 594 (1st Cir. 2019) (second alteration in original), quoting *Pruell v. Caritas Christi*, 645 F.3d 81, 84 (1st Cir. 2011).

Kelledy, the only plaintiff named in the Complaint, is a resident of Dorchester, Massachusetts. Dunkin's principal place of business is in Canton, Massachusetts.[4] Because both parties are citizens of Massachusetts, the Complaint fails to meet the minimal diversity requirement. The court accordingly lacks subject matter jurisdiction, and the Complaint must be dismissed.

---

[4] For diversity purposes, a corporation is a citizen of the state "by which it has been incorporated" and of the "state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

**ORDER**

For the foregoing reasons, the Complaint is hereby DISMISSED without prejudice.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE